UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Erin Kirchenberg, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>Ainsworth, Pet Nutrition, Inc., and J.M. Smucker Co.,<br><br>                Defendants. | No. 2:20-cv-00690-KJM-DMC<br><br>ORDER |

Plaintiff Erin Kirchenberg brings this putative class action against defendants claiming defendants misrepresented the ingredients in pet food she purchased in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, breach of implied and express warranty, and violation of state consumer protection laws. *See generally* Compl., ECF No. 1. Defendants move to dismiss. For the reasons below, the motion is **granted in part with leave to amend.**

I.    **BACKGROUND**

Plaintiff Erin Kirchenberg is a dog owner. *Id*. ¶¶ 1–2. Defendant Ainsworth is the manufacturer and distributor of Just 6 dog food. *Id.* ¶¶ 2, 5. Defendant Smucker acquired Ainsworth in May 2018. *Id.* ¶ 6.

1

1           In 2018, Kirchenberg began purchasing Just 6 dog food after researching limited
2    ingredient options to benefit her dogs' health. *Id.* ¶¶ 10–11. She made purchases from local
3    retailers and online. *Id.* ¶ 12. Kirchenberg claims she relied on defendants' public
4    representations on television commercials indicating that Just 6 contains only "six simple, natural
5    ingredients . . . [and no] corn, wheat, soy or gluten." *Id.* ¶¶ 12–13, 31–32. She also was
6    influenced by the signed statement of "a well-known and respected celebrity chef," making the
7    same representations. *Id*. ¶ 32. The Just 6 nutrition label omits any mention of corn, wheat, soy
8    or beef from its ingredient list. *Id.* ¶ 33. Defendants' website nutrish.com also claims that Just 6
9    "may help dogs with food sensitivities," *id.* ¶ 35, and that the brand "maintain[s] rigorous testing
10   to ensure ingredient and product safety," *id.* ¶ 38. Although the Just 6 products were more
11   expensive than other options on the market, Kirchenberg chose to pay a "premium" for Just 6,
12   relying on defendants' "limited ingredient" representations. *Id.* ¶¶ 2, 12.

13          In or about February 2020, Kirchenberg learned defendants mislabeled Just 6's
14   ingredients. *Id.* ¶¶ 10, 14. She stopped purchasing the product and conducted an independent
15   DNA analysis[1] of a sample of the Just 6 pet food product. *Id.* ¶ 14. The analysis detected various
16   animal DNA and other ingredients: cattle (1.162%), deer (0.932%), pig (0.354%), soy (0.057%),
17   corn (0.050%) and wheat (0.023%). Edwards Rep., Ex. A at 2–3, ECF No. 1-1. Kirchenberg
18   then brought this class action alleging consumers like herself relied on defendants' knowing
19   misrepresentations of Just 6's ingredients and paid higher prices than they would have otherwise.
20   Compl. ¶¶ 26, 28–29, 39–40.

21          Kirchenberg asserts seven claims: (1) violation of the Magnuson-Moss Warranty Act
22   ("MMWA"), 15 U.S.C. § 2301; (2) breach of express warranty; (3) breach of implied warranty of

---

[1] In her motion, plaintiff cites to studies utilizing either the polymerase chain reaction (PCR) or enzyme-linked immunosorbent assay (ELISA) method to test the DNA of pet food samples. *See* Mot. at 3, Ex. 1, ECF No. 18-2; *id.* at 2, Ex. 2, ECF No. 18-3; *id.* at 4, Ex. 3, ECF No. 18-4; *id.* at 2, Ex. 4, ECF No. 18-5; *id.* at 2, Ex. 5, ECF No. 18-6. Plaintiff does not include in her allegations information describing the method used for her independent DNA analysis. *See* Compl. at 2–3, Ex. A, ECF No. 1-1; *id.* ¶ 36.

merchantability; (4) unjust enrichment; (5) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code section 1770(a)(5)(7)(9)(16); (6) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500; and (7) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200. Compl. ¶¶ 52–132. She seeks monetary damages and injunctive relief. *See id.* ¶¶ 26–27 (Relief Demanded).

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 18. Plaintiff opposes the motion, Opp'n, ECF No. 24, and defendants have replied, Reply, ECF No. 26. The court submitted the matter without hearing. Min. Order, ECF No. 27.

**II.    LEGAL STANDARD**

**A.    Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the cause of action at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of the elements do not

3

alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

### B. Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Surviving a Rule 9(b) challenge requires plaintiffs to plead the "who," "when," "what," "where," and "how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b)'s heightened pleading standard applies to claims under CLRA and the UCL. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## III. ANALYSIS

### A. Standing

Defendants first argue plaintiff lacks standing because she has not stated a particularized injury: that is, trace levels of corn, wheat, soy and beef are not "significant amounts" harmful to consumers. Mot. at 4, 7, 9–10 (citing *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) ("A material claim is one that involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product." (citation omitted))).

Generally, a plaintiff has Article III standing if he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff has suffered an injury in fact if defendant infringed on the plaintiff's legally protected

1  interest in a "concrete and particularized" manner.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560
2  (1992).  As relevant when considering whether plaintiffs have Article III standing, the UCL, FAL
3  and CLRA each require plaintiffs allege they "paid more for a product than they otherwise would
4  have paid, or bought [a product] they otherwise would not have [bought]," relying on defendant's
5  misleading representations.  *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015).
6        Defendants rely on *Naimi v. Starbucks Corp.*, 798 Fed. App'x 67, 70 (9th Cir. 2019)
7  (unpublished), in which the Ninth Circuit held "bare recitation" of a "price premium" without
8  indicating how much plaintiffs "paid for the [product], how much they would have paid . . .
9  absent the alleged deception . . ., or any other details" was insufficient for standing.  *Id.*; Mot. at
10 10.  Here, Kirchenberg alleges she "purchased the Just 6 products" on three occasions from local
11 retailers and online and paid "$25.50" for one bag and "$31.48" another time for the same
12 product, Compl. ¶ 12all, while relying on the "limited ingredient" promises of defendants'
13 branding, *id.* ¶¶ 11–13.  She argues this court should find that she has standing and has
14 sufficiently pled injury in fact by alleging she would not have spent money on defendants'
15 products but for defendants' misrepresentations.  Opp'n at 6 (citing *Zeiger v. WellPet* LLC,
16 304 F. Supp. 3d 837, 849 (N.D. Cal. 2018)).
17       Defendants also argue Kirchenberg lacks standing to seek injunctive relief because she
18 has merely pled the "clinically insignificant presence of mammalian DNA in samples" and has
19 not accounted for "batch-to-batch variation."  Mot. at 3.  The standard in determining a 12(b)(6)
20 motion is plausibility, which does not require an assessment of the factual accuracy of the
21 pleadings.  At least one sister court has found plaintiffs have standing to seek injunctive relief
22 when they allege misleading advertisement of pet food products.  *Roper v. Big Heart Pet Brands,*
23 *Inc.*, 510 F. Supp. 3d 903, 916 (E.D. Cal. 2020) (finding plaintiff had standing to seek injunctive
24 relief based on challenge to accuracy of nutrition label for pet food advertised as "All Natural").
25 Here, given her pleadings, the court agrees Kirchenberg has standing to bring her claims for
26 injunctive relief.

### B.     Magnuson-Moss Warranty Act ("MMWA") (Claim 1)

Defendants also move to dismiss Kirchenberg's MMWA claim because Kirchenberg has not alleged a written warranty. Mot. at 18–19. Kirchenberg has voluntarily withdrawn her MMWA claim. *See* Opp'n at 18 n.14. The court dismisses claim 1 without leave to amend. *See Billington v. United Nat. Foods, Inc.*, No. 21-802082, 2020 WL 5763824, at *5 (E.D. Cal. Sept. 28, 2020) (deciding same).

### C.     CLRA & FAL (Claims 5 & 6)

In challenging these claims, defendants argue Kirchenberg's DNA analysis is "speculative" and she "does not even attempt to explain how trace levels of DNA content" correlate with the presence of unwanted ingredients in the product. Mot. at 3–4, 12–13. Kirchenberg asserts generally the practice of mislabeling in the pet food industry is "widely recognized," and consumers care about accurate product labeling. Opp'n at 2–4 (citing veterinary research studies).

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices . . . undertaken by any person in a transaction intended to result or that results in the sale . . . of goods or services to any consumer." Cal. Civ. Code § 1770. The FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." *Kearns*, 567 F.3d at 1125 (quoting Cal. Bus. and Prof. Code § 17500). Violations of the CLRA and FAL are determined under the "reasonable consumer test," which requires a plaintiff ultimately to show that "members of the public are likely to be deceived" by a defendant's activity. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citation and internal quotation marks omitted). Courts will rarely grant a motion to dismiss for failure to satisfy this test in the initial pleadings "[b]ecause what a reasonable person would believe is generally a question of fact," *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-03613, 2020 WL 1245130, at *9 (N.D. Cal. Mar. 16, 2020), and at this stage, the court's focus is on the plausibility of the legal theories, *Iqbal*, 556 U.S. at 679.

In *Rice-Sherman,* plaintiffs alleged defendant's pet food contained significant amounts of corn and soy protein and supported these allegations by citing academic studies on inaccurate product-labeling in the pet-food industry. *Id*. at *1. The court concluded this pleading was

6

1  sufficient for the CLRA and FAL claims to survive a motion to dismiss. *Id.* at *9–10. Here,
2  plaintiff pleads sufficient facts to plausibly suggest consumers believed the product contained "no
3  soy, corn, beef" or even traces of these ingredients. Compl. ¶¶ 19–25, 36. In reaching this
4  conclusion, the court takes judicial notice under Federal Rule of Evidence 201(c)(1)(2) of the
5  exhibits defendant presents, which include research articles referenced in the complaint that
6  explain the process of DNA analytical methods and noting that "pet owners . . . hold expectations
7  regarding the ingredients in commercial vegetarian and vegan diets" and "quality control . . . may
8  be a particular concern when pet owners are choosing vegetarian diets." Rothstein Decl., Ex. 2 at
9  1–3, ECF No.18-3; *see also id*. Ex. 3 at 2–3 (referencing rising consumer concern for cross-
10 contamination in products marketed as vegetarian or vegan). Kirchenberg has sufficiently pled
11 her CLRA and FAL claims, and the court denies the motion to dismiss in this respect.

12       **D.    UCL (Claim 7)**

13       Kirchenberg may successfully bring a claim under the UCL by pleading reliance on any
14 one of three prongs under the statute. Defendants contend Kirchenberg has not sufficiently pled
15 any of the prongs. Mot. at 16–17. The UCL generally prohibits (1) unlawful, (2) unfair, and
16 (3) fraudulent acts or practices. Cal. Bus. & Prof. Code § 17200; *Vincent v. PNC Mortg., Inc.*,
17 No. 14-00833, 2014 WL 2766116, at *7 (E.D. Cal. June 18, 2014); *see also Cel-Tech Commc'ns,*
18 *Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "Each prong . . . is a separate and
19 distinct theory of liability . . . offer[ing] an independent basis for relief." *Lozano v. AT & T*
20 *Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).

21       A "predicate violation" of law may satisfy the unlawful prong of the UCL. *Shelton v.*
22 *Ocwen Loan Servicing, LLC*, No. 18-02467, 2019 WL 4747669, at * 10 (S.D. Cal. Sept. 30,
23 2019). District courts in this Circuit have generally found a CLRA or FAL violation may satisfy
24 the unlawful prong of the UCL. *Roper*, 510 F. Supp. 3d at 922 ("a CLRA or FAL violation
25 properly falls into the category of a state, federal, or local law"). Because Kirchenberg has
26 successfully pled her CLRA and FAL claims, as discussed above, her UCL claim may proceed
27 under the unlawful prong of the statute. *Schertzer v. Samsonite Co. Stores, LLC*, No. 19-639,

2020 WL 4281990, at *7 (S.D. Cal. Feb. 25, 2020) (dismissing plaintiff's "unlawful" prong UCL cause of action for failing to state claim for violation of FAL or CLRA).

As to the unfair prong, this court has consistently applied the "traditional test" for a consumer claim: "[a] business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Obertman v. Electrolux Home Care Prod., Inc.*, 482 F. Supp. 3d 1017, 1027 (E.D. Cal. 2020) (quoting *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (Cal. Ct. App. 2006) (citation omitted)). In *Roper v. Big Heart Pet Brands*, plaintiff alleged the defendant falsely "labeled and advertised a series of products" containing various artificial ingredients as "All Natural." 510 F. Supp. 3d at 909. That court found because plaintiff had sufficiently alleged cognizable fraud claims, her UCL "unfair" prong claim likewise survived the pending motion to dismiss. *Id*. at 919. Kirchenberg has pled analogous facts here, and so the court denies defendants' motion to dismiss plaintiff's claims under the "unfair" prong of the UCL.

Finally, as with the CLRA and FAL, violations of the fraudulent prong of the UCL are determined under the "reasonable consumer test," *Williams*, 552 F.3d at 938; Compl. ¶ 126; Mot. at 16. Because Kirchenberg has sufficiently pled her CLRA and FAL claims under the reasonable consumer test, the fraudulent prong of her UCL claim likewise survives the motion to dismiss. A court should only dismiss UCL claims in the "rare situation" where it is "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams*, 552 F.3d at 939; *see Freeman v. Time Inc.*, 68 F.3d 285, 289–91 (9th Cir. 1995) (upholding dismissal of claim alleging sweepstakes promotion could deceive public, because promotions expressly stated qualifications to win in small print).

Kirchenberg successfully pleads all three prongs of the UCL. The court denies defendants' motion as to this claim.

### E. Breach of Express Warranty (Claim 2)

Defendants argue that because Kirchenberg has inadequately pled any misrepresentation, the court must dismiss her breach of express warranty claim. Mot. at 18–19. To plead a breach of express warranty, plaintiffs "must allege facts sufficient to show that '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 965–66 (N.D. Cal. 2017) (citing *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (Cal. Ct. App. 2010)). Other district courts have "found that statements on a food label can create an express warranty." *Zeiger*, 304 F. Supp. 3d at 853; *see, e.g.*, *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 899–90 (N.D. Cal. 2012) (interpreting "Pure, Natural & Organic" label on cosmetic products as express warranty); *Vicuna v. Alexia Foods, Inc.*, No. 11-6119, 2012 WL 1497507, at *2 (N.D. Cal. Apr. 27, 2012) (interpreting "All Natural" label on potatoes as express warranty that they did not have artificial ingredients).

Kirchenberg's complaint satisfies the first two requirements for express warranty claims. Compl. ¶¶ 26–36. While the complaint pleads defendants' breach of the warranty, defendants dispute the alleged breach. *See* Mot. at 18–19; Opp'n at 13–14. Whether or not the offending ingredients are actually present in the Just 6 product, so as to constitute a breach of warranty, is not for the court to resolve at this juncture. Kirchenberg has alleged the possibility those ingredients are present, meeting the standard of plausibility and therefore properly pleading her breach of express warranty claim. The court denies the motion as to this claim as well.

### F. Breach of Implied Warranty of Merchantability (Claim 3)

Defendants contend Kirchenberg's breach of implied warranty claim must be dismissed because she does not allege facts identifying that Just 6 "[does] not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (Cal. Ct. App. 2003); Mot. at 19. Kirchenberg responds that the issue is not whether Just 6 is unfit for consumption by "any dog" but by dogs "whose owners seek the benefits of a limited ingredient diet." *See* Opp'n at 18.

California law requires privity of contract to assert a claim for breach of implied warranty. "[T]here is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695–96 (1954). Defendants erroneously argue there are no exceptions to the general privity rule, Mot. at 19, and yet the Ninth Circuit has explicitly identified an exception applicable to the facts of this case "where the purchaser of a product relied on representations made by the manufacturer in labels or advertising material, and recovery from the manufacturer [is] allowed on the theory of express warranty without a showing of privity." *Burr*, 42 Cal. 2d at 696; *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). In addition to establishing privity, a plaintiff must also show that the product "did not possess even the most basic degree of fitness for ordinary use." *Mocek*, 114 Cal. App. 4th at 406. In cases involving human food, to the extent those serve as a guide here, a party can plead that a product violates the implied warranty of merchantability by alleging that the product was unsafe for consumption, contaminated, or contained foreign objects. *Thomas v. Costco Wholesale Corp.*, No. 12-02908, 2014 WL 5872808, at *3 (N.D. Cal. Nov. 12, 2014) (quoting *Viggiano*, 944 F. Supp. 2d 877, 897) (internal quotation marks removed).

Here, Kirchenberg has not pled facts addressing a cognizable breach of implied warranty or argued that Just 6 is unfit for "even the most basic degree of fitness for ordinary use." *Mocek*, 114 Cal. App. 4th at 406. Her argument that it is sufficient to allege Just 6 is unfit for ordinary use simply because it is a limited ingredient dog food product is unpersuasive. The court dismisses this claim, but with leave to amend if possible subject to Rule 11. Courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and where as here there is no undue delay, repeated failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, or futility of amendment. *See Sonoma Cnty Ass'n of Emps. v. Sonoma Cnty*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### G. Unjust Enrichment (Claim 4)

Defendants argue Kirchenberg cannot maintain her unjust enrichment claim while alleging the existence of express warranties. Mot. at 20. In opposition, Kirchenberg contends she may alternatively plead unjust enrichment in addition to her breach of contract claims. Opp'n at 19–20.

"In California, unjust enrichment is not a separate cause of action." *Holt v. Globalinx Pet, LLC*, No. 13-0041, 2013 WL 3947169, at *13 (C.D. Cal. July 30, 2013) (citation omitted). A plaintiff may plead a claim for unjust enrichment alleging a contract is void or rescinded as an alternative to a breach of contract claim asserting the existence of an enforceable agreement. *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (Cal. Ct. App. 2014) (quoting *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (Cal. Ct. App. 1996)) (internal quotation marks removed); *Holt*, 2013 WL 3947169, at *13 (citations removed). This court previously has determined that to state a quasi-contract claim for unjust enrichment, a plaintiff must "plausibly allege the absence of any applicable and enforceable contract provisions, even if in the alternative." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 21-202182, 2016 WL 829210, at *4 (E.D. Cal. Mar. 3, 2016). Additionally, in *Astiana v. Hain Celestial Group, Incorporated*, the Ninth Circuit found plaintiff's "straightforward statement" alleging the defendant was unjustly enriched by false and misleading labeling "sufficient to state a quasi-contract cause of action." 783 F.3d 753, 762 (9th Cir. 2015).

Here, Kirchenberg's allegations are akin to those this court previously has addressed. She has not pled that the contract is "unenforceable or void, and no factual allegations support a theory of their unenforceability or voidness. Although [she] argues these claims are [pled] in the alternative, [she] identifies no allegations to support an alternative theory that no contractual remedy is available." *Lennar*, 2016 WL 829210, at *4; *see generally* Compl., ECF No. 1; Opp'n, ECF No. 24. Therefore, the court dismisses this claim but with leave to amend if possible. *See Sonoma Cnty Ass'n of Emps.*, 708 F. 3d at 1117.

/////

11

**H.     Punitive Damages**

Finally, defendants argue Kirchenberg's request for punitive damages should be dismissed because Kirchenberg does not allege "oppression, fraud, or malice" by an "officer, director, or managing agent." Mot. at 20 (internal quotation marks removed). "[P]unitive damages are but a remedy . . . [they] provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)." *Oppenheimer v. Sw. Airlines Co.*, No. 13-260, 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013). "[A] Rule 12(b)(6) motion to dismiss is [not] the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages." *Shabazz v. Beard*, No. 15-881, 2018 WL 1071173, at *10 (E.D. Cal. Feb. 27, 2018), *report and recommendation adopted sub nom. Shabazz v. Hubbard*, No. 15-881, 2018 WL 4566902 (E.D. Cal. Sept. 24, 2018), *vacated and remanded on other grounds sub nom. Shabazz v. Igbinosa*, 771 F. App'x 825 (9th Cir. 2019). The court denies defendants' motion on this ground.

**IV.     CONCLUSION**

The court **grants in part the motion to dismiss (ECF No. 18), with leave to amend, as follows:**

(1) The motion is **denied** as to the CLRA, FAL, UCL, and breach of express warranty claims (claims 2, 5, 6, and 7 ).

(2) The motion is **granted** as to plaintiff's breach of implied warranty and unjust enrichment claims (claims 3 and 4), with leave to amend.

(3) Plaintiff's MMWA claim (claim 1) is **dismissed** without leave to amend, in light of plaintiff's withdrawal of the claim.

Any amended complaint must be filed within twenty-one days of this order.

This order resolves ECF No. 18.

IT IS SO ORDERED.

DATED: January 18, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE