**MASON LLP**
Danielle L. Perry (SBN 292120)
Gary E. Mason (admitted *pro hac vice*)
5335 Wisconsin Avenue NW, Suite 640
Washington, D.C. 20015
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
Email: dperry@masonllp.com
Email: gmason@masonllp.com

*Counsel for Plaintiff and the Proposed Class*

[Additional counsel appearances on signature page]

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN KIRCHENBERG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AINSWORTH PET NUTRITION, INC., and THE J.M. SMUCKER CO.,<br><br>Defendants. | Case No.: 2:20-cv-00690-DAD-DMC<br><br>**STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION** |

Plaintiff Kirchenberg ("Plaintiff") and Ainsworth, Inc. and the J.M. Smucker Company ("Defendants"), by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

## I.     APPLICABILITY

1.     This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively "Information").

## II.    PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2.     The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of privilege, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information and any related material. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3.     The producing party must notify the receiving party promptly, in writing, upon discovery that privileged or otherwise protected Information has been produced (the "Identified Material"). Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the

Identified Materials are later designated by a court as not privileged or protected. The producing party will provide a privilege log providing information required by the Federal Rules of Civil Procedure and applicable case law to the receiving party when the producing party provides the receiving party notice of the Identified Materials.

  4. The receiving party may contest the privilege or work product designation by the producing party, and the receiving party shall give the producing party written notice of the reason for said disagreement. The receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege.  In that instance, the receiving party shall, within twenty-one (21) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the Identified Material. If no such Order is sought, upon expiration of the twenty-one (21) day period then all copies of the disputed Identified Material shall be returned in accordance with this paragraph.

  5. Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged.  Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to their intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

**III. PRIVILEGE LOGGING**

  6. The following documents presumptively need not be included on a privilege log:

   a. Written or oral communications between a party and its counsel after commencement of this action related to the conduct of this litigation and/or other anticipated litigation; or

   b. Work product created by outside counsel, or by an agent of outside counsel (other than a party) after commencement of this action related to the conduct of this litigation and/or other anticipated litigation.

   c. Documents that are or were presumptively excluded from privilege logging

1    requirements pursuant to the documented agreement of the parties.

2    7.    An email thread for which a party claims a privilege may be logged in a single entry. With respect to e-mail threads for which a party claims a privilege, only the most inclusive e-mail shall be logged. If an embedded e-mail communication is not otherwise available, then it must separately be identified and logged.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: January 27, 2023

/s/ Danielle L. Perry

Gary E. Mason*
Danielle L. Perry (SBN 292120)
**MASON LLP**
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
T: 202-429-2290
gmason@masonllp.com
dperry@masonllp.com

Jeffrey S. Goldenberg*
**GOLDENBERG SCHNEIDER L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
T: 513-345-8291
jgoldenberg@gs-legal.com

Jonathan Shub (SBN 237708)
**SHUB LAW FIRM LLC**
134 Kings Hwy. E., 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
jshub@shublawyers.com

Charles E. Schaffer*
David C. Magagna Jr.*
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500

|  |  |
|---|---|
|  | Philadelphia, PA 19106<br>T: 215-592-1500<br>cschaffer@lfsblaw.com<br>dmagagna@lfsblaw.com |
| *Admitted pro hac vice | **Attorneys for Plaintiff Erin Kirchenberg** |
|  | */s/ Sean H. Suber*_____ |
|  | Ronald Y. Rothstein<br>Sean H. Suber<br>WINSTON & STRAWN, LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Email: RRothste@winston.com<br>Email: SSuber@winston.com |
|  | Shawn R. Obi<br>WINSTON & STRAWN, LLP<br>333 S. Grand Avenue, Suite 3800<br>Los Angeles, CA 90071<br>Email: SObi@winston.com |
|  | **Attorneys for Defendants** |

**IT IS SO ORDERED.**

Dated:  February 2, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE